## Case No. 1,038.

### BARR et al. v. SIMPSON.

[Baldw. 543.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1832.

COURTS—JURISDICTION—ACTION ON JUDGMENT OF STATE COURT—CITIZENSHIP.

This court has jurisdiction of an action of debt on a judgment obtained in a state court by a citizen of another state.

At law. The declaration in this case, was on a judgment obtained by the plaintiffs [Barr and Auchincloss] against the defendant, in the district court for the city and county of Philadelphia, to which there was a general demurrer and joinder in the demurrer. The only question raised was, whether this court had jurisdiction of the case. It was contended on the part of the defendant, that if there was a concurrent jurisdiction in both courts over the original cause of action, the plaintiffs were bound by having elected to sue in the state court, and could not proceed to enforce payment in any other, otherwise they could proceed by execution from both courts.

BY THE COURT. The subject matter of the suit in the state court, was a note which by the judgment became merged in the higher security. In this court, the subject of the suit was a judgment, which was conclusive evidence of a debt due the plaintiffs, who being citizens of New York, have a right to sue in this court, on any cause of action within its cognizance. We cannot discriminate between a debt due by judgment, or in any other way. An action of debt on a judgment is not like a scire facias, which must issue from the same court which rendered the judgment.

The demurrer is therefore overruled and judgment rendered for the plaintiffs.

BARR. (UNITED STATES v.) See Case No. 14,527.

---

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]